Law Offices of P. Randall Noah
P. Randall Noah, SBN 136452
21 Orinda Way, Suite C, #316
Orinda, CA 94563
Email: pnoah@ix.netcom.com
Tel. (925) 253-5540
Fac. (925) 253-5542
Attorney for Plaintiff,
Thomas Wirth

UNITED STATES DISTRICT COURT,

NORTHERN DISTRICT OF CALIFORNIA

THOMAS WIRTH,                          CASE NO.

      Plaintiff,                    COMPLAINT
                                       29 USC §1132(a)(1)(B);
vs.                                    29 USC §1132(a)(3)


LIFE INSURANCE COMPANY OF NORTH
AMERICA, AECOM,

      Defendants.
_____/

PLAINTIFF, THOMAS WIRTH, ALLEGES AS FOLLOWS:

**JURISDICTION**

1.   This action arises under the Employee Retirement
Income Security Act of 1974, 29 USC §§1001 et seq., and
more particularly 29 USC §1132(a)(1)(B) thereof.  This
Court has jurisdiction under 29 USC §1132(f), which grants
to the federal courts concurrent jurisdiction to determine
claims under 29 USC §§1001 et seq.

2.   Venue is proper under 29 USC §1132(g) in that the
breach described below occurred within the territorial

limits of the above-titled court, and defendant, Life Insurance Company of North America ("LINA"), and plaintiff's employer and defendant, AECOM, do business in the Bay Area of Northern California.

3.  Plaintiff, Thomas Wirth, is a resident of Brentwood, Contra Costa County, California.

4. Plaintiff is informed and believes that Defendant LINA is a Pennsylvania corporation, with its principal place of business in Philadelphia, Pennsylvania, and AECOM is incorporated in Delaware, with its principal place of business in Dallas, Texas.

## ALLEGATIONS CONCERNING RELIEF SOUGHT

5.  By April of 2017, Mr. Wirth, then 51 years old, was experiencing such cognitive and behavioral difficulties that he could no longer work in his occupation as a Quality Assurance Officer, at AECOM.  His company terminated his employment on April 1, 2017, due to plaintiff's cognitive difficulty. Plaintiff had the progressive dementia disease of frontotemporal lobar degeneration ("FTD") since at least early 2017, although not correctly diagnosed until later, within the normal three to four year time frame for FTD diagnosis.  There is no cure for FTD, and no way to slow the progressive loss of cognitive functioning, and eventual death. Mr. Wirth's treating physicians have determined he

is disabled from his prior occupation, and any occupation, due to FTD, and this is confirmed by the Social Security Administration.  Mr. Wirth, now in a hospice program, has been unable to work in any occupation since he was terminated from employment by AECOM on April 1, 2017.  When plaintiff was forced to leave his work due to his progressive loss of cognitive functioning on April 1, 2017, there was in existence for AECOM employees, including Mr. Wirth, a short and long-term disability insurance plan through LINA and administered by LINA.  LINA contends AECOM informed them that Mr. Wirth was not a full employee, but rather a "temporary employee," since 2015, and without benefits and thus not covered by the subject LTD plan. LINA contends AECOM informed them of the temporary employee status, although there are no records in the administrative record which confirm this status.  Mr. Wirth contends he was an employee with benefits, including LTD insurance, since he had company 401K, health benefits and there was no change in his pay rate from 2014 to 2017.  Mr. Wirth contends he was not a temporary employee and LINA has not produced any documentation to demonstrate "temporary" status, or that temporary employees would have a company 401k plan and health benefits and full salary.  In the claim file LINA lists Mr. Wirth's date of hire as 3/11/1996

and a monthly base pay of $10,400, with no mention of temporary status. AECOM payroll tax records show this to be incorrect and that plaintiff's pay rate remained over $20,000 per month until his employment was terminated.

6.    When plaintiff was forced to leave his work due to his progressive loss of cognitive functioning in April, 2017, there was in existence for AECOM employees, including the plaintiff, a short and long-term disability insurance plan through LINA and administered by LINA.

7.    The disability insurance plan was to provide disability payments to any employee covered by the plan, including plaintiff, who suffered a total disability from their occupation, and then continue as long-term disability benefits after short term benefits ended.

8.    Plaintiff's progressive loss of cognitive functioning due to FTD led to a total disability from his occupation as the Quality Assurance Manager, as determined by his medical doctors.  While plaintiff rapidly lost the ability to communicate, through his wife, and as soon as reasonably possible, he applied for disability insurance benefits under the disability insurance plan administered by defendant in 2021 after being correctly diagnosed with FTD.  Plaintiff's application for benefits was based on the opinion of plaintiff's treating physician that he could not

work in his former occupation or any occupation due to FTD,
which began at least by early 2017, confirmed also by the
Social Security Administration.

9.   Plaintiff's physician at University of California
San Francisco stated that plaintiff was disabled by FTD,
which would have so diminished his cognitive skills that he
could not work, leading the Social Security Administration
to award disability benefits from April 2017 forward.

10.   After plaintiff applied for benefits under
defendant's disability insurance plan in 2021, disability
benefits were denied by defendants who argued that
plaintiff was not covered by the LTD policy when his
disability began, since in 2015 his full-time employment
status became "temporary," and his salary reduced to 50%,
although payroll tax records in the administrative record
show plaintiff's pay was never reduced and plaintiff's wife
has stated in the record that plaintiff's work hours never
changed.   Plaintiff appealed defendant's decision in
accord with the requirements of the disability insurance
policy, and that appeal was denied by defendants.

11.   Defendant LINA breached its obligation under the
disability insurance plan by denying coverage for
plaintiff's disability payments when plaintiff met all of
the criteria set forth in the definition of "Total

Complaint

Disability," arbitrarily relying on their own subjective determination that due to the statement by defendant AECOM, plaintiff was not benefit eligible as a temporary employee when he was terminated in April 2017.

12. Plaintiff at all times herein mentioned has performed all the terms and conditions of the LINA disability insurance plan on his part to be performed.

13. As a proximate result of defendants' failure and refusal to perform their obligations under the disability insurance plan, plaintiff has been compelled to retain counsel to protect his rights under the plan, incurring legal fees and costs that are recoverable pursuant to 29 USC §1145.

## COUNT I.

## ENFORCEMENT UNDER ERISA §502(a)(1)(B), 29 U.S.C. §1132(a)(1)(B) FOR FAILURE TO PAY ERISA PLAN BENEFITS.

14. Plaintiff repeats, realleges and incorporates by reference the allegations contained in all prior paragraphs as though fully set forth herein.

15. Plaintiff at all times herein mentioned performed all the terms and conditions of employment, of which he had been made aware, with AECOM to be benefit eligible for LINA's disability insurance plan. After plaintiff was terminated by AECOM, defendants informed plaintiff they

considered him a temporary employee from 2015 forward and not benefit eligible.  Plaintiff had no knowledge he was considered not benefit eligible prior to his termination from employment.  If plaintiff was not in fact benefit eligible, by defendants' acts and omissions defendants have waived the requirement of benefit eligibility.

16.  Accordingly, Plaintiff seeks appropriate relief under 29 USC §1132(a)(1)(B), and ERISA § 502(a)(3) (29 U.S.C. § 1132(a)(3)), which includes equitable estoppel and waiver.

**COUNT II.**

**CLAIM FOR EQUITABLE RELIEF PURSUANT TO ERISA § 502(a)(3) AGAINST DEFENDANTS LINA AN AECOM.**

16.  Plaintiff repeats, realleges and incorporates by reference the allegations contained in all prior paragraphs as though fully set forth herein.

17.  ERISA section 502(a)(3), 29 U.S.C. § 1132(a)(3), permits a plan participant to bring a civil action to "enjoin act or practice which violates any provision of this subchapter or the terms of the plan" or to "obtain other appropriate equitable relief" to redress violations of ERISA, the Plan, or to enforce any provisions of the Plan ERISA subchapter 1.

Complaint

18.  At all material times herein, Defendants LINA and AECOM were fiduciaries with respect to the Plan.

19.  Under ERISA section 404(a)(1), 29 U.S.C. § 1104(a)(1), Defendants LINA and AECOM were obliged to discharge their duties for the "exclusive purpose" of providing benefits to participants and their beneficiaries, and with the "care skill, prudence and diligence under the circumstances then prevailing that a prudent man acting in a like capacity and familiar with such matters would use in the conduct of an enterprise of a like character and with like aims."

20.  Plaintiff was justified in relying on the material non-disclosures and actions of defendants. Plaintiff placed trust and confidence in the knowledge, integrity and fidelity of defendants, and plaintiff relied on the good faith and integrity of defendants. As a result of plaintiff's confidence, trust and faith in the knowledge and integrity of the defendants, plaintiff was justified in relying on the nondisclosures and actions of the defendants described above, and thereby the plaintiff is being prevented from submitting evidence of his eligibility for short and long-term disability insurance coverage under the Plan.

21.  In the event the Court dismisses plaintiff's First Claim for Relief or rules in favor of defendants on that cause of action, Plaintiff asserts in the alternative that because of defendants' fiduciary breaches, the plaintiff was prevented from complying to be benefit

eligible, since plaintiff did not know he had been dropped from the status of full employee with benefits in 2015, while nothing otherwise changed in his terms of employment.

22. To redress defendants' violations of their fiduciary duties, plaintiff requests that the Court confer one or more of the following forms of equitable relief: 1) an equitable surcharge against defendants LINA and/or AECOM (in an amount equal to plaintiff's benefits due under the disability insurance Plan should the Court rule against Plaintiff on Plaintiff's First Claim for Relief); 2) equitable reformation (by rewriting and/or modifying the terms of the Plan that govern the payment of disability insurance premiums; and/or 3) equitable estoppel by estopping defendants from relying on any affirmative defense based on the failure to pay premiums provisions.

23. Defendants should be estopped from denying plaintiff's disability insurance benefits based on a failure to be in an eligible class because (1) the defendants as fiduciaries of the benefit plan breached their fiduciary duties by failing to communicate to plaintiff the proper eligibility requirement for disability insurance, and (2) plaintiff relied on defendants' acts and omissions to assume he had disability insurance and to his detriment never had the opportunity to continue disability insurance through his employer. Plaintiff contends he is

entitled to "appropriate equitable relief" in the form of equitable estoppel, under ERISA § 502(a)(3) to remedy defendants' breach of fiduciary duty as set forth below.

24.  Equitable estoppel and waiver are available in the ERISA context since (1) defendants knew, or should have known, that plaintiff was covered by his group disability insurance plan when he was approved for employment and that plaintiff intended to keep his disability insurance coverage; (2) defendants knew, or should have known, that plaintiff would rely on defendants' advice on how to keep disability insurance benefits and assume he had disability insurance benefits if there was no change in his employment status; (3) plaintiff was ignorant of any alleged change in employment and insurance benefits status and that he was not benefit eligible; (4) plaintiff relied on defendants' decision to continue his employment at full salary as an approval of his benefits eligibility after 2015; (5) and the extraordinary circumstance that the granting of continued employment full time with full salary, 401K and health benefits would cause a reasonable person to believe they met the eligibility requirements for benefits.

25.  The plaintiff at all times herein mentioned performed all the terms and conditions known to him in the defendant's disability insurance plans to be performed.

Complaint

10

26.  Accordingly, ERISA Section 502(a)(3) allows a
plan participant to sue to enjoin any act or practice that
violates any provision of Title I of ERISA or the terms of
the plan, or to obtain other appropriate equitable relief
to redress such violations or enforce any provisions of
Title I of ERISA or the terms of the plan.  The Court
possesses the power to provide equitable relief in the form
of estoppel, and/or waiver to correct the loss, which
resulted from a plan fiduciary's breach of duties.

27.  Defendants were and are ERISA fiduciaries and
exercised fiduciary authority with reference to plaintiff's
disability insurance claims and appeals because defendants
exercised discretionary authority over those
decisions to grant disability insurance benefits and then
to deny disability insurance benefits. Defendants' duties,
as claims and appeals administrator, involved more than
simply complying with the specific duties imposed by the
plan documents or the statutory regime. Defendants also had
duties as fiduciaries to perform such activities that are
the ordinary and natural means of achieving the objectives
of the plan.  An objective of the plan is and was to
provide participants and with disability insurance benefits
pursuant to the terms of the plan.

28. Thus, defendants, as ERISA fiduciaries, had

affirmative duties, above and beyond the terms of the plan
as follows:  To act in the best interests of participants
and their beneficiaries; of loyalty to the
interests of participants and beneficiaries, and thus to
deal fairly and honestly with participants and
beneficiaries. This includes the duty to disclose material
information, to inform participants and beneficiaries of
new and relevant information as it arises, and to advise
participants and beneficiaries of circumstances that
threaten interests relevant to the relationship. An ERISA
fiduciary must not only refrain from imparting
misinformation, it is also required to do more: it has an
affirmative obligation to provide complete and correct
material information on the participant's and/or the
beneficiary's status and options; of care or prudence to
act as a prudent person would on behalf of the participants
and not misrepresent the terms or administration of a plan,
or if they fail to provide complete information, even
absent a request, a fiduciary has an obligation to convey
complete and accurate information material to the
beneficiary's circumstances, even when the beneficiary has
not specifically asked for the information.  The scope of
the duty to disclose is governed by ERISA § 404(a) and is
defined by what a reasonable fiduciary, exercising care,

skill, prudence and diligence, would believe to be in the best interests of the beneficiary to disclose.  ERISA fiduciaries have a duty of disclosure when there are material facts affecting the interest of the beneficiary which the fiduciary knows the beneficiary does not know, but needs to know for his protection; and provide beneficiary with information and/or documents even without a written request for the information or documents by the beneficiary, because, as a fiduciary, it has a duty to deal fairly and communicate all material facts it knows or should know in connection with the matter; and to act in the beneficiary's best interests and for the exclusive purpose of providing benefits to participants and their beneficiaries.

29.  As alleged herein, defendants breached their duties to act as prudent fiduciaries, requiring the exercise of reasonable care, skill and prudence, when defendants failed to disclose any requirement for plaintiff to make any application or pay premiums to continue disability insurance benefits, and failed to properly inform plaintiff of the process to continue disability insurance under the plans for which eligible was eligible and qualified.  Defendants' conduct violated 29 U.S.C. § 1104(a), which requires that plan fiduciaries discharge

Complaint

their duties with respect to ERISA plans solely in the interests of the plan's participants and beneficiaries. Therefore, in the event defendants' breach of their fiduciary duties caused plaintiff to be deprived of disability insurance benefits which he would have received had the plaintiff known of the proper requirements under the terms of the plans had defendants complied with their fiduciary duties of full communication, then equity and good conscience require that: (1) defendants be estopped to deny disability insurance benefits to plaintiff, and/or (2) that plaintiff be awarded other appropriate equitable relief in order to make him whole and remedy defendants' breach of fiduciary duties to plaintiff of exercising reasonable care, skill, prudence, and diligence under the circumstances and acting in the best interests of beneficiaries.

30.  As a proximate result of defendants' failure and refusal to perform their obligations under the long-term disability plan, plaintiff has been compelled to retain counsel to protect his rights under the plan, incurring legal fees and costs that are recoverable pursuant to 29 USC §1145.

WHEREFORE, plaintiff prays for judgment against defendants as follows:

Complaint

1. For equitable estoppel against defendants, not allowing denial of disability insurance benefits based on the plaintiff failing to make an application or pay premiums, thereby allowing plaintiff disability insurance benefits as a beneficiary, with prejudgment interest on all unpaid benefits to date;

2. For equitable remedies including but not limited to equitable surcharge and/or equitable reformation, for Defendants' breaches of fiduciary duty;

3. For compensatory damages;

4. For costs of suit herein;

5. For prejudgment interest;

6. For reasonable attorney fees paid by plaintiff pursuant to 29 USC §1145;

7. For such other and further relief as the court may deem proper.

DATED: January 21, 2022

Law Offices of P. Randall Noah

By: /s/ P. Randall Noah

P. Randall Noah
Attorney for Plaintiff,
Thomas Wirth